**THOMAS R. SUOZZI**
**County Executive**

**LORNA B. GOODMAN**
**County Attorney**

**OFFICE OF THE NASSAU COUNTY ATTORNEY**
One West Street
Mineola, New York 11501-4820
PHONE:  (516) 571-3056/FAX:  (516) 571-3058
Writer's Direct Dial (516) 571-6146

November 10, 2006

*VIA ECF & REGULAR MAIL*

Honorable Cheryl L. Pollack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    **Thomas Hartmann v. County of Nassau, et al.**
              Docket #: 04-CV-1784 (ILG) (CLP)

Dear Magistrate Pollack:

    This office represents the Nassau County Defendants and the individually named police officers in the above-entitled civil action. We write in opposition to the Plaintiff's request for leave to file a <u>second</u> amended complaint in this matter and request that the Plaintiff's application for leave be denied in its entirety.

    Generally, leave to amend a complaint should be freely granted under Federal Rules of Civil Procedure 15(a) when justice so requires. Furthermore, the grant or denial of an opportunity to amend a complaint is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Despite the general rule, however, an amendment should not be permitted where there has been "undue delay, bad faith, dilatory motives, undue prejudice to the opposing party, or futility of the amendment." *See Foman v. Davis*, 371 U.S. at 182; *see also Richardson Greenshields Sec., Inc. v. Lau*, 824 F.2d 647, 653 (2d Cir. 1987); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990); *Matthew v. Delta Air Lines, Inc.*, 1999 U.S. Dist. LEXIS 18154, 3 (E.D.N.Y. 1999). The Plaintiff's application herein should be denied since it was both unduly delayed and will result in undue prejudice to the Defendants.

    The Plaintiff is seeking to amend the complaint to add an individual capacity claim against Police Officer Karl Snelders (*See Exhibit A*). Clearly, the Defendants will be unduly prejudiced by this proposed amendment since it will expose Officer Snelders to personal liability and the County to punitive damages under Section 1983. The Plaintiff argues that the Defendants were aware that personal liability is being sought against Officer Snelders since the current amended complaint contains state law claims for battery and punitive damages. However, the Defendants' knowledge

of these claims has no bearing on the prejudice to the Defendants. The prejudicial impact relates to the fact that the added individual capacity claim against Officer Snelders will subject the County Defendants to punitive damages under Section 1983, which is not available under the current amended complaint (*See Exhibit B*). Paragraph three (3) of the current amended complaint specifically alleges that the Defendants acted under color of law, "not as individuals" (*See Exhibit B*).

Plaintiff also inaccurately recounts Office Snelders' testimony and provides the Court with his own conclusions regarding Officer Snelders' conduct. The Plaintiff argues that Officer Snelders' testified that he intentionally ran over the Plaintiff from behind while the Plaintiff was standing on a sidewalk. This account of the incident in question is inaccurate and not supported by any deposition testimony. To the contrary, Officer Snelders, who was deposed on May 18, 2005, testified that he struck the Plaintiff in the front mid-leg area with the police vehicle to prevent him from getting to a handgun. Aside from the aforementioned broad conclusions, the Plaintiff provides no other basis for his application nor does he cite any supporting authority.

Furthermore, plaintiff's application is untimely. Following the conference before the Court on September 12, 2006, the Plaintiff sent the undersigned a letter with the proposed amendment to the current amended complaint (*See Exhibit A*). By letter dated September 29, 2006, the undersigned advised opposing counsel that the Defendants would not consent to the proposed changes (*See Exhibit C*). The Plaintiff failed to seek leave to amend until November 8, 2006, a year and a half after Officer Snelders' deposition and more than 30 days after the Defendants advised the Plaintiff that they would not consent to the proposed amendment. In fact, the instant application for leave was only prompted by my telephone call to Mr. Hansen on November 7, 2006 wherein we discussed extending the time to complete expert discovery in this matter.

Based on the foregoing, it is respectfully requested that the Court deny the Plaintiff's application for leave to amend the amended complaint. In the event the Court should grant the Plaintiff's application for leave to amend, it is respectfully requested that the parties be permitted to brief the issue before the Court. The briefing schedule proposed by Mr. Hansen in his application is acceptable to the Defendants.

Thank you for your consideration.

                                                          Respectfully submitted,

                                                          /s/
                                                    Bethany O'Neill (BBO-0862)
                                                    Deputy County Attorney

cc:    Daniel Hansen, Esq.
        233 Broadway, 5th Floor
        New York, New York 10279
        *(via ECF & regular mail)*