**Exhibit 2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

THOMAS HARTMAN,

                  Plaintiff,

        -against-

THE COUNTY OF NASSAU, NASSAU
COUNTY POLICE DEPARTMENT,
POLICE OFFICER KARL N. SNELDERS,
POLICE OFFICER MICHAEL KNATZ,
DEPUTY INSPECTOR ROBERT TURK,
LIEUTENANT THOMAS ZAMOJCIN,
POLICE OFFICER "JOHN" SMITH,
POLICE OFFICER "JOHN" BRADY,
DETECTIVE BARRY O. FRANKLIN,
POLICE OFFICER THOMAS O. McCAFFREY
and "JOHN and JANE DOES 1-15"
representing as yet unknown and
unidentified police officers.

                  Defendants.

------------------------------------------------------------------------x

**Case No.: 04cv1784 (ILG)(CLP)**

**SECOND AMENDED
COMPLAINT**

        The plaintiff, by his attorney, Daniel J. Hansen, Esq., as and for his second amended

complaint against the defendants, allege the following upon information and belief:

**Jurisdiction**

1.      That this action arises under the United States Constitution, particularly

under provisions of the Fourth and Fourteenth Amendments to the

Constitution of the United States, and under Federal law, particularly the

Civil Rights Act, Title 42 of the United States Code, Section 1983.

2.      Jurisdiction is based upon 28 USC §1331 and 1343.

3.      Each and all of the acts of the defendants herein were done by the

defendants, their servants, agents and/or employees, and each of them, under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the County of Nassau, and under the authority of their office as officers of the County of Nassau and State of New York. **Defendant Karl N. Snelders is liable in both his official and individual capacity.**

4.    That on or about April 26, 2004, and within 90 days after the cause of action herein arose and more than 30 days prior to the commencement of this action, plaintiff duly presented, served and filed a Notice of Claim with the Nassau County Attorney and this action was commenced within a year and 90 days after said cause of action herein accrued.

5.    Prior to the commencement of this action, plaintiff has duly complied with all the conditions precedent for the bringing of this action and plaintiff has complied with the provisions and statutes in such cases made and provided in particular on or about April 26, 2004, and within 90 days after the cause of action herein accrued and more than 30 days prior to the commencement of this action, plaintiff duly presented, served and filed a Notice of Claim herein with the defendants for an adjustment of damages sustained by plaintiff herein upon which this cause of action is based; and thereafter the defendants for a period of more than 30 days before the commencement of this action neglected and refused to make an adjustment for payment on said claim, said claim remains unadjusted and unpaid although plaintiff has duly demanded that same be paid and adjusted.

defendants, their servants, agents and/or employees, and each of them, **both as individuals and also** under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the County of Nassau, and under the authority of their office as officers of the County of Nassau and State of New York.

4.    That on or about April 26, 2004, and within 90 days after the cause of action herein arose and more than 30 days prior to the commencement of this action, plaintiff duly presented, served and filed a Notice of Claim with the Nassau County Attorney and this action was commenced within a year and 90 days after said cause of action herein accrued.

5.    Prior to the commencement of this action, plaintiff has duly complied with all the conditions precedent for the bringing of this action and plaintiff has complied with the provisions and statutes in such cases made and provided in particular on or about April 26, 2004, and within 90 days after the cause of action herein accrued and more than 30 days prior to the commencement of this action, plaintiff duly presented, served and filed a Notice of Claim herein with the defendants for an adjustment of damages sustained by plaintiff herein upon which this cause of action is based; and thereafter the defendants for a period of more than 30 days before the commencement of this action neglected and refused to make an adjustment for payment on said claim, said claim remains unadjusted and unpaid although plaintiff has duly demanded that same be paid and adjusted.

6.  That all hearings required to be held have either been held or the defendant, by its agents, servants, and/or employees have waived its right to hold such hearing and/or employees has waived its right to hold such hearing and/or will not raise a defense in this suit of not having the statutory hearings.

### Parties

7.  That at all times hereinafter mentioned, the plaintiff Thomas Hartman was a resident of the County of Nassau, State of New York.

8.  That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU was a Municipal corporation duly existing under and by virtue of the laws of the State of New York.

9.  That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU was a corporation doing business in the State of New York.

10. That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU operated the NASSAU COUNTY POLICE DEPARTMENT, a police department as part of and in conjunction with its municipal function.

11. That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU maintained the NASSAU COUNTY POLICE DEPARTMENT.

12. That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU managed the NASSAU COUNTY POLICE DEPARTMENT.

13. That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU controlled the NASSAU COUNTY POLICE DEPARTMENT.

14.     That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU, its servants, agents and/or employees employed police officers, and other personnel, to work as representatives of THE COUNTY OF NASSAU.

15.     That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU employed police officers, known herein as POLICE OFFICERS "JOHN DOE and JANE DOE", said names being fictitious and presently unknown, to work as representatives of THE COUNTY OF NASSAU.

16.     That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU had the duty to ensure that the actions, activities and behavior of its said servants, agents, police officers, detectives and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

17.     That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU, had the duty to ensure that its said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

18.     That at all times hereinafter mentioned, the defendants POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER

-4-

"JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, were police officers, servants, agents, employees and/or representatives of the defendant THE COUNTY OF NASSAU.

19. That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT was a Municipal corporation duly existing under and by virtue of the laws of the State of New York.

20. That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT was a corporation doing business in the State of New York.

21. That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT operated a police department as part of and in conjunction with its municipal function.

22. That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT maintained said police department.

23. That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT managed said police department.

24. That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT controlled said police department.

25. That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT, its servants, agents and/or

employees employed police officers, and other personnel, to work as representatives of NASSAU COUNTY POLICE DEPARTMENT.

26. That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT employed police officers, known herein as POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, to work as representatives of NASSAU COUNTY POLICE DEPARTMENT.

27. That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT had the duty to ensure that the actions, activities and behavior of its said servants, agents, police officers, detectives and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

28. That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT, had the duty to ensure that its said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or

negligently result in injuries to others, including the plaintiff herein.

## Facts

29.     That on the March 12, 2004, the plaintiff, THOMAS HARTMAN, was present in the vicinity of 454 Allen Avenue, Oceanside, New York.

30.     That on the March 12, 2004, a certain police officers, including POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, were present in the vicinity of 454 Allen Avenue, Oceanside, New York.

31.     That on the March 12, 2004, said police officers known as POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, of the police department of the defendant THE COUNTY OF NASSAU, were present in the vicinity of 454 Allen Avenue, Oceanside, New York, in the course and scope of their employment as police officers.

-7-

32. That on the March 12, 2004, the defendant THE COUNTY OF NASSAU was the owner of a certain motor vehicle designated radio motor patrol vehicle number 921 ("the Vehicle").

33. That on the March 12, 2004, the defendant THE NASSAU COUNTY POLICE DEPARTMENT was the owner of the Vehicle.

34. That on the March 12, 2004, the defendant THE COUNTY OF NASSAU was the lessee of the Vehicle.

35. That on the March 12, 2004, the defendant THE NASSAU COUNTY POLICE DEPARTMENT was the lessee of the Vehicle.

36. That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS was operating the Vehicle with the consent, express or implied, of the defendant THE COUNTY OF NASSAU.

37. That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS was operating the Vehicle with the consent, express or implied, of the defendant THE NASSAU COUNTY POLICE DEPARTMENT.

38. That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ was operating the Vehicle with the consent, express or implied, of the defendant THE COUNTY OF NASSAU.

39. That on the March 12, 2004, the defendant POLICE OFFICER MICHAEL

-8-

KNATZ was operating the Vehicle with the consent, express or implied, of the defendant THE NASSAU COUNTY POLICE DEPARTMENT.

40. That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS was operating the Vehicle during and within the course of his employment by the defendant THE COUNTY OF NASSAU.

41. That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS was operating the Vehicle during and within the course of his employment by the defendant THE NASSAU COUNTY POLICE DEPARTMENT.

42. That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ was operating the Vehicle during and within the course of his employment by the defendant THE COUNTY OF NASSAU.

43. That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ was operating the Vehicle during and within the course of his employment by the defendant THE NASSAU COUNTY POLICE DEPARTMENT.

44. That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS, while operating the Vehicle in the vicinity of 454 Allen Avenue, Oceanside, New York, approached the plaintiff THOMAS HARTMAN.

45.    That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ, while operating the Vehicle in the vicinity of 454 Allen Avenue, Oceanside, New York, approached the plaintiff THOMAS HARTMAN.

46.    That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS, while on foot in the vicinity of 454 Allen Avenue, Oceanside, New York, approached the plaintiff THOMAS HARTMAN.

47.    That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ, while on foot in the vicinity of 454 Allen Avenue, Oceanside, New York, approached the plaintiff THOMAS HARTMAN.

48.    That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS, while in the vicinity of 454 Allen Avenue, Oceanside, New York, failed to identify himself as a police officer as he approached the plaintiff THOMAS HARTMAN.

49.    That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ, while in the vicinity of 454 Allen Avenue, Oceanside, New York, failed to identify himself as a police officer as he approached the plaintiff THOMAS HARTMAN.

50.    That on the March 12, 2004, at approximately 4:58 p.m., while in the vicinity of 454 Allen Avenue, Oceanside, New York, the plaintiff

THOMAS HARTMAN was unarmed and carried no weapons of any kind.

51.    That on the March 12, 2004, at approximately 4:58 p.m., while in the vicinity of 454 Allen Avenue, Oceanside, New York, the plaintiff THOMAS HARTMAN did not display or show weapons of any kind.

52.    That on the March 12, 2004, at approximately 4:58 p.m., while in the vicinity of 454 Allen Avenue, Oceanside, New York, the defendant POLICE OFFICER KARL N. SNELDERS did not see the plaintiff THOMAS HARTMAN with weapons of any kind.

53.    That on the March 12, 2004, at approximately 4:58 p.m., while in the vicinity of 454 Allen Avenue, Oceanside, New York, the defendant POLICE OFFICER MICHAEL KNATZ did not see the plaintiff THOMAS HARTMAN with weapons of any kind.

54.    That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS, acting in concert with the other defendants, while in the vicinity of 454 Allen Avenue, Oceanside, New York, intentionally drove the Vehicle onto the sidewalk and struck the back of the unarmed plaintiff THOMAS HARTMAN with the Vehicle.

55.    That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ, acting in concert with the other defendants, while in the vicinity of 454 Allen Avenue, Oceanside, New York, intentionally drove the Vehicle onto the sidewalk and struck the back of the unarmed plaintiff THOMAS HARTMAN with the Vehicle.

-11-

56.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS, acting in concert with the other defendants, while in the vicinity of 454 Allen Avenue, Oceanside, New York, intentionally drove the Vehicle over the plaintiff THOMAS HARTMAN.

57.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ, acting in concert with the other defendants, while in the vicinity of 454 Allen Avenue, Oceanside, New York, intentionally drove the Vehicle over the plaintiff THOMAS HARTMAN.

58.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS, acting in concert with the other defendants, while in the vicinity of 454 Allen Avenue, Oceanside, New York, used the Vehicle as an instrument of deadly force against the plaintiff THOMAS HARTMAN.

59.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ, acting in concert with the other defendants, while in the vicinity of 454 Allen Avenue, Oceanside, New York, used the Vehicle as an instrument of deadly force against the plaintiff THOMAS HARTMAN.

60.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS, acting in concert with the

other defendants, intended and attempted to kill the plaintiff THOMAS HARTMAN.

61.   That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ, acting in concert with the other defendants, intended and attempted to kill the plaintiff THOMAS HARTMAN.

62.   That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested while in the vicinity of 454 Allen Avenue, Oceanside, New York

63.   That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant THE COUNTY OF NASSAU, its servants, agents, police officers, detectives and/or employees, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

64.   That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant NASSAU COUNTY POLICE DEPARTMENT, its servants, agents, police officers, detectives and/or employees, while he was in the vicinity of 454 Allen Avenue, Oceanside, New York.

65.   That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant POLICE OFFICER KARL N. SNELDERS, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

66.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant POLICE OFFICER MICHAEL KNATZ, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

67.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant DEPUTY INSPECTOR ROBERT TURK, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

68.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant LIEUTENANT THOMAS ZAMOJCIN, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

69.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant POLICE OFFICER "JOHN" SMITH, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

70.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant POLICE OFFICER "JOHN" BRADY, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

71.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant DETECTIVE

-14-

BARRY O. FRANKLIN, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

72. That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant POLICE OFFICER THOMAS O. McCAFFREY, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

73. That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant police officers known as and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, said names being fictitious and presently unknown, of the police department of the defendant THE COUNTY OF NASSAU.

74. That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant police officers known as POLICE OFFICERS "JOHN DOE and JANE DOE", said names being fictitious and presently unknown, of the police department of the defendant NASSAU COUNTY POLICE DEPARTMENT.

75. That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was carelessly, negligently, wantonly, intentionally, maliciously, relentlessly, illegally and improperly arrested by said defendants, in that said officers improperly and illegally used excessive force, improperly and illegally used deadly force, in using excessive and deadly force in apprehending

-15-

and arresting the plaintiff when there was no probable cause to believe that the plaintiff posed a significant threat of death or serious physical injury to the officers or others.

76.     That the foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, intentional infliction of emotional distress, illegal and improper use of excessive and deadly force on the part of the defendants, their servants, agents, police officers, and/or employees, in violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the plaintiff contributing thereto.

77.     That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence; attorneys' fees, all to his great damage.

78.     That by reason of the foregoing, plaintiff THOMAS HARTMAN has been

-16-

damaged in an amount to be determined upon the trial of this action and/or in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS.

### COUNT 1:

79.    That plaintiff repeats, reiterates and realleges each and every allegation as contained in paragraphs 1 through 75 of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

80.    The Plaintiff THOMAS HARTMAN claims damages for the injuries set forth above under 42 USC §1983 against the defendants the NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, for violation of his constitutional rights under color of law.

### COUNT II:

81.    That plaintiff repeats, reiterates and realleges each and every allegation as contained in paragraphs 1 through 77 of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

82.     Prior to March 12, 2004, THE COUNTY OF NASSAU, the NASSAU
COUNTY POLICE DEPARTMENT, POLICE OFFICER KARL N.
SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY
INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN,
POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN"
BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER
THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said
names being fictitious and presently unknown, developed and maintained
policies or customs exhibiting deliberate indifference to the constitutional
rights of persons in the County of Nassau, with caused the violation of the
plaintiff's rights.

83.     It was the policy and/or custom of the COUNTY OF NASSAU, the
NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER
KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ,
DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS
ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER
"JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE
OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-
15", said names being fictitious and presently unknown, to inadequately
and improperly investigate citizen complaints of police misconduct, and
the acts of misconduct were instead tolerated by the said defendants.

84.     It was the policy and custom of the COUNTY OF NASSAU, the

-18-

NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of police officers.

85.    As a result of the above-described practices and customs, police officers in the COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

86.     The above-described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, to the constitutional rights of persons within the County of Nassau, and were the cause of the violations of plaintiff's rights alleged herein.

## COUNT III

87.     That plaintiff repeats, reiterates and realleges each and every allegation as contained in paragraphs 1 through 87 of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

88.     At the time and location as set forth above, the defendant Karl N. Snelders, while in the course of his employment with the defendant County of Nassau, negligently, carelessly, and recklessly operating the aforementioned radio motor patrol car and came into contact with the plaintiff causing the plaintiff to sustain serious personal injuries as set forth below.

89.     The aforesaid occurrence and resulting injuries to the plaintiff were due to

the carelessness, recklessness, and negligence of the defendant.

90. The said occurrence and resulting injuries were due solely to the carelessness, recklessness, and negligence of the defendant herein without any fault or wrongdoing on the part of the plaintiff contributing thereto.

91. That as a result of the aforesaid occurrence, the plaintiff sustained serious and severe personal injuries and nervous shock, was rendered sick, sore and disabled and has remained so since the subject occurrence. He has suffered and continues to suffer mental anguish and has been compelled to expend money and incur obligations for physicians' services, medical expenses, and hospital expenses for the care and treatment of his injuries; and upon information and belief, he will be compelled to expend additional sums of money and incur further obligations in the future for additional physicians' services, medical expenses, and hospital expenses for the further care and treatment of his injuries.

92. That as a result of the aforesaid occurrence, and the injuries sustained by the plaintiff, he has been incapacitated from attending his usual occupation and has suffered pecuniary losses by reason thereof; and upon information and belief, he will be incapacitated from his occupation in the future and will suffer additional pecuniary loss.

93. By reason of the foregoing, the plaintiff has been damaged in the sum of twenty million ($20,000,000) dollars.

## COUNT IV

94.     The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "93" as if fully set forth herein.

95.     At the time and location as set forth above, the defendant Karl N. Snelders operated the Vehicle in a reckless and grossly negligent manner in that he operated said vehicle at a high rate of speed in the direction of the plaintiff herein and drove the vehicle into the plaintiff while the plaintiff was not within the roadway, all in a grossly negligent and reckless manner in a deliberate and/or conscience disregard for the safety of others, including the plaintiff herein.

96.     The actions of the defendant were reckless, grossly negligent and unwarranted, performed with a conscious disregard for the safety of others, including the plaintiff herein.

97.     By reason of the foregoing, the plaintiff has been damaged in the sum of twenty million ($20,000,000.00) dollars.

## COUNT V

98.     The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "97" as if fully set forth herein.

99.     At the time and location as set forth above, the defendant Karl N. Snelders battered and assaulted the plaintiff by intentionally and without provocation striking and running over the plaintiff herein.

100.    The actions of the defendant were willful, intentional, and unwarranted, and

-22-

without any cause or justification.

101.     This action is falls within one of the exceptions to CPLR Article 16 and, in particular arises out of a non-delegable duty or respondeat superior; the use, operation or ownership of a motor vehicle; involves claims requiring proof of intent; intentional actions; and the reckless disregard for the safety of others, including the plaintiff herein.

102.     By reason of the foregoing, the plaintiff has been damaged in the sum of twenty million ($20,000,000.00) dollars.

### Jury Demand

The plaintiff hereby demands a jury trial.

WHEREFORE, the plaintiff demands judgment against the defendants, the amount sought on each Claim in amounts to be determined upon the trial of this action, and/or in the Count I in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS, on Count II in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS, on Count III in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS on Count IV in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS on Count V in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS and punitive damages in the sum of TWENTY MILLION ($20,000,000.00), together with the costs, disbursements and attorneys fees of this action, and with interest from the date of this occurrence.

Dated: New York, New York
       December 7, 2006

By: _____

       Daniel J. Hansen (DJH: 0211)
Daniel J. Hansen, Esq.
Attorneys for Plaintiff(s)
233 Broadway, Fifth Floor
New York, New York 10279
(212) 697-3701