**Exhibit 7**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THOMAS HARTMAN,

                Plaintiff,
                                                                         Docket No.: 04 CV 1784 (ILG) (CLP)

      -against-

                                                                **AFFIDAVIT**
THE COUNTY OF NASSAU, NASSAU                     **OF GEORGE RUOTOLO**
COUNTY POLICE DEPARTMENT, POLICE OFFICER
KARL N. SNELDERS, POLICE OFFICER MICHAEL
KNATZ, DEPUTY INSPECTOR ROBERT TURK,
LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER
"JOHN" SMITH, POLICE OFFICER "JOHN" BRADY,
DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER
THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-
15" representing as yet unknown and unidentified police officers.

                Defendants.
------------------------------------------------------------------X
STATE OF FLORIDA )
                              )
COUNTY OF ST. JOHNS    ) ss.:

        GEORGE RUOTOLO, being duly sworn, deposes and says,

    1.    I make this affidavit in connection with my analysis and reconstruction of the incident involving the plaintiff Thomas Hartmann that occurred on March 12, 2004.

    2.    My qualifications as an expert in the field of accident reconstruction include being accredited in accident reconstruction by the Accreditation Commission on Traffic Accident Reconstruction, having authored several books and other publications on the topic of accident reconstruction, and having taught accident reconstruction at the University of North Florida. My professional background also includes thirteen years of experience employed by the New York State Division of Criminal Justice reconstructing accidents on behalf of the State of New York, preparing and presenting training to police officers in the field of accident reconstruction to numerous police agencies throughout the State of New

York, and a consultant to various police agencies and departments in the State of New York in the development and certification of police instructor development programs.

3. My reconstruction of the March 12, 2004, incident involving the plaintiff Thomas Hartmann included personally inspecting, measuring, and photographing the scene of the incident at 454 Allen Avenue, Oceanside, New York. My preparation also included the review of the sworn deposition testimony of Mr. Hartmann, Police Officer Snelders, Police Office Michael Knatz, and crime scene Detective Robert Giovannettone, the review of various police records and sworn statements of the foregoing officers, and the review Nassau County Police Department crime scene diagram and photos of the scene.

4. All of the physical evidence—my inspection of the scene of the incident and the photos taken on the same evening of the incident—confirms that the police vehicle operated by defendant officer Snelders was used as an instrument of deadly force to strike and run over Mr. Hartmann who was in a non-threatening position of retreat from the officer **on the sidewalk** in front of 454 Allen Avenue.

5. The crime scene photos show a large blood stain located on the sidewalk several feet from the roadway establishing that Mr. Hartmann was in a position of retreat on the sidewalk in front of 454 Allen Avenue when defendant officer Snelders drove the vehicle up the curb and struck and ran over Mr. Hartmann (please see the photo annexed as Exhibit 12). The crime scene photos also evidence a complete absence of any skid marks, drag marks, pieces or strips of clothing, or parts broken from the police vehicle in the roadway in the area of 454 Allen Avenue, thus further confirming that Mr. Hartmann was struck and run over while retreating to the sidewalk (please see photo annexed hereto as Exhibit 13).

6. My conclusion that Mr. Hartmann was retreating and moving away from the police vehicle

when struck is also confirmed by the position of the vehicles at the scene as shown in the crime scene photos. The photos show that the SUV that had been operated by Mr. Hartmann was stopped facing slightly southeast on Allen Avenue, an east-west roadway. The photographs and the crime scene diagram indicates that, at the beginning of the incident, the police vehicle was positioned generally easterly behind the SUV and that the police vehicle traveled in an arch coming to rest facing southwesterly 90 feet from its original location.

7. By striking Mr. Hartman on the sidewalk to the southeast of his stopped SUV, Defendant Snelders was required to drive his police vehicle past the driver's side of the Hartmann SUV, past the front of the SUV, mount the curb, cross over a grassy median between the curb, and then strike Mr. Hartmann on the sidewalk. This path driven by defendant Snelders confirms that Mr. Hartmann headed in a southeasterly direction past the front of the SUV and onto the sidewalk—all movements that involve Mr. Hartmann's retreat by moving away from Snelder's vehicle.

8. In addition, the position of rest of the Snelder's police vehicle (southwesterly) confirms that the Snelder's vehicle (which started heading east on Allen Avenue) traveled in a right arc around the front of the Hartmann SUV, continued turning to the right across the grassy median, further pursuing and then hitting and running over Mr. Hartmann as he moved away from the police vehicle.

9. Within a reasonable degree of accident reconstruction certainty, all of the physical evidence establishes that defendant Snelders used the police vehicle as an instrument of deadly force against the unarmed Mr. Hartmann while Mr. Hartmann was in a position of retreat and moving directly away from the vehicle operated by the defendant officer Snelders.

_____
GEORGE RUOTOLO

Sworn to before me this
23rd day of May, 2006

_____
Notary Public

JESSICA FROST
MY COMMISSION # DD 514497
EXPIRES: February 5, 2010