# EXHIBIT A

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

EASTERN _____ District of _____ NEW YORK

THOMAS HARTMAN

V.

THE COUNTY OF NASSAU, NASSAU
COUNTY POLICE DEPARTMENT,
POLICE OFFICER KARL N. SNELDERS,
POLICE OFFICER MICHAEL KNATZ,
DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT
THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH,
POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY
O. FRANKLIN, POLICE OFFICER THOMAS O.
McCAFFREY and "JOHN and JANE DOES 1-15"
representing as yet unknown and unidentified police officers.

### SUMMONS IN A CIVIL ACTION

CASE NUMBER:

**CV 04    1784**

GLASSER, J.

POLLAK, M.J.

TO: (Name and address of Defendant)

c/o Nassau County Attorney
1 West Street
Mineola, NY 11501

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Daniel J. Hansen, Esq.
711 Third Avenue, Suite 1505
New York, NY 10017
(212) 697-3701

COPY RECEIVED THIS 24th
DAY OF May         20 04
COUNTY ATTORNEY, NASSAU COUNTY
BY Kathryn V. Rapp

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

ROBERT C. HEINEMANN

APR 30 2004

| CLERK | DATE |
|---|---|
| (By) DEPUTY CLERK | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x

THOMAS HARTMAN,

                Plaintiff,                            Case No.:  04CV1784

      -against-

                                          **COMPLAINT**

THE COUNTY OF NASSAU, NASSAU
COUNTY POLICE DEPARTMENT,
POLICE OFFICER KARL N. SNELDERS,
POLICE OFFICER MICHAEL KNATZ,
DEPUTY INSPECTOR ROBERT TURK,
LIEUTENANT THOMAS ZAMOJCIN,
POLICE OFFICER "JOHN" SMITH,
POLICE OFFICER "JOHN" BRADY,
DETECTIVE BARRY O. FRANKLIN,
POLICE OFFICER THOMAS O. McCAFFREY
and "JOHN and JANE DOES 1-15"
representing as yet unknown and
unidentified police officers.

                Defendants.
--------------------------------------------------------------------------x

      The plaintiff, by his attorney, Daniel J. Hansen, Esq., as and for his complaint

against the defendants, allege the following upon information and belief:

### Jurisdiction

    1.        That this action arises under the United States Constitution, particularly

under provisions of the Fourth and Fourteenth Amendments to the

Constitution of the United States, and under Federal law, particularly the

Civil Rights Act, Title 42 of the United States Code, Section 1983.

    2.        Jurisdiction is based upon 28 USC §1331 and 1343.

    3.        Each and all of the acts of the defendants herein were done by the

defendants, their servants, agents and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the County of Nassau, and under the authority of their office as officers of the County of Nassau and State of New York.

### Parties

4.     That at all times hereinafter mentioned, the plaintiff Thomas Hartman was a resident of the County of Nassau, State of New York.

5.     That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU was a Municipal corporation duly existing under and by virtue of the laws of the State of New York.

6.     That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU was a corporation doing business in the State of New York.

7.     That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU operated the NASSAU COUNTY POLICE DEPARTMENT, a police department as part of and in conjunction with its municipal function.

8.     That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU maintained the NASSAU COUNTY POLICE DEPARTMENT.

9.     That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU managed the NASSAU COUNTY POLICE DEPARTMENT.

10.    That at all times hereinafter mentioned, the defendant THE COUNTY OF

NASSAU controlled the NASSAU COUNTY POLICE DEPARTMENT.

11.    That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU, its servants, agents and/or employees employed police officers, and other personnel, to work as representatives of THE COUNTY OF NASSAU.

12.    That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU employed police officers, known herein as POLICE OFFICERS "JOHN DOE and JANE DOE", said names being fictitious and presently unknown, to work as representatives of THE COUNTY OF NASSAU.

13.    That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU had the duty to ensure that the actions, activities and behavior of its said servants, agents, police officers, detectives and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

14.    That at all times hereinafter mentioned, the defendant THE COUNTY OF NASSAU, had the duty to ensure that its said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

15.    That at all times hereinafter mentioned, the defendants POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS

ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, were police officers, servants, agents, employees and/or representatives of the defendant THE COUNTY OF NASSAU.

16.   That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT was a Municipal corporation duly existing under and by virtue of the laws of the State of New York.

17.   That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT was a corporation doing business in the State of New York.

18.   That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT operated a police department as part of and in conjunction with its municipal function.

19.   That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT maintained said police department.

20.   That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT managed said police department.

21.   That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT controlled said police department.

22.   That at all times hereinafter mentioned, the defendant NASSAU

COUNTY POLICE DEPARTMENT, its servants, agents and/or employees employed police officers, and other personnel, to work as representatives of NASSAU COUNTY POLICE DEPARTMENT.

23.     That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT employed police officers, known herein as POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, to work as representatives of NASSAU COUNTY POLICE DEPARTMENT.

24.     That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT had the duty to ensure that the actions, activities and behavior of its said servants, agents, police officers, detectives and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

25.     That at all times hereinafter mentioned, the defendant NASSAU COUNTY POLICE DEPARTMENT, had the duty to ensure that its said servants, agents, police officers, detectives and/or employees conduct

themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

### Facts

26.      That on the March 12, 2004, the plaintiff, THOMAS HARTMAN, was present in the vicinity of 454 Allen Avenue, Oceanside, New York.

27.      That on the March 12, 2004, a certain police officers, including POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, were present in the vicinity of 454 Allen Avenue, Oceanside, New York.

28.      That on the March 12, 2004, said police officers known as POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, of the police department of the defendant THE COUNTY OF NASSAU, were present in the vicinity of 454 Allen Avenue, Oceanside, New York, in the

course and scope of their employment as police officers.

29.     That on the March 12, 2004, the defendant THE COUNTY OF NASSAU was the owner of a certain motor vehicle designated radio motor patrol vehicle number 921 ("the Vehicle").

30.     That on the March 12, 2004, the defendant THE NASSAU COUNTY POLICE DEPARTMENT was the owner of the Vehicle.

31.     That on the March 12, 2004, the defendant THE COUNTY OF NASSAU was the lessee of the Vehicle.

32.     That on the March 12, 2004, the defendant THE NASSAU COUNTY POLICE DEPARTMENT was the lessee of the Vehicle.

33.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS was operating the Vehicle with the consent, express or implied, of the defendant THE COUNTY OF NASSAU.

34.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS was operating the Vehicle with the consent, express or implied, of the defendant THE NASSAU COUNTY POLICE DEPARTMENT.

35.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ was operating the Vehicle with the consent, express or implied, of the defendant THE COUNTY OF NASSAU.

36.          That on the March 12, 2004, the defendant POLICE OFFICER MICHAEL

KNATZ was operating the Vehicle with the consent, express or implied,

of the defendant THE NASSAU COUNTY POLICE DEPARTMENT.

37.          That on the March 12, 2004, at approximately 4:58 p.m., the defendant

POLICE OFFICER KARL N. SNELDERS was operating the Vehicle

during and within the course of his employment by the defendant THE

COUNTY OF NASSAU.

38.          That on the March 12, 2004, at approximately 4:58 p.m., the defendant

POLICE OFFICER KARL N. SNELDERS was operating the Vehicle

during and within the course of his employment by the defendant THE

NASSAU COUNTY POLICE DEPARTMENT.

39.          That on the March 12, 2004, at approximately 4:58 p.m., the defendant

POLICE OFFICER MICHAEL KNATZ was operating the Vehicle during

and within the course of his employment by the defendant THE COUNTY

OF NASSAU.

40.          That on the March 12, 2004, at approximately 4:58 p.m., the defendant

POLICE OFFICER MICHAEL KNATZ was operating the Vehicle during

and within the course of his employment by the defendant THE NASSAU

COUNTY POLICE DEPARTMENT.

41.          That on the March 12, 2004, at approximately 4:58 p.m., the defendant

POLICE OFFICER KARL N. SNELDERS, while operating the Vehicle in

the vicinity of 454 Allen Avenue, Oceanside, New York, approached the

plaintiff THOMAS HARTMAN.

42.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ, while operating the Vehicle in the vicinity of 454 Allen Avenue, Oceanside, New York, approached the plaintiff THOMAS HARTMAN.

43.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS, while on foot in the vicinity of 454 Allen Avenue, Oceanside, New York, approached the plaintiff THOMAS HARTMAN.

44.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ, while on foot in the vicinity of 454 Allen Avenue, Oceanside, New York, approached the plaintiff THOMAS HARTMAN.

45.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS, while in the vicinity of 454 Allen Avenue, Oceanside, New York, failed to identify himself as a police officer as he approached the plaintiff THOMAS HARTMAN.

46.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ, while in the vicinity of 454 Allen Avenue, Oceanside, New York, failed to identify himself as a police officer as he approached the plaintiff THOMAS HARTMAN.

47.     That on the March 12, 2004, at approximately 4:58 p.m., while in the

vicinity of 454 Allen Avenue, Oceanside, New York, the plaintiff THOMAS HARTMAN was unarmed and carried no weapons of any kind.

48.     That on the March 12, 2004, at approximately 4:58 p.m., while in the vicinity of 454 Allen Avenue, Oceanside, New York, the plaintiff THOMAS HARTMAN did not display or show weapons of any kind.

49.     That on the March 12, 2004, at approximately 4:58 p.m., while in the vicinity of 454 Allen Avenue, Oceanside, New York, the defendant POLICE OFFICER KARL N. SNELDERS did not see the plaintiff THOMAS HARTMAN with weapons of any kind.

50.     That on the March 12, 2004, at approximately 4:58 p.m., while in the vicinity of 454 Allen Avenue, Oceanside, New York, the defendant POLICE OFFICER MICHAEL KNATZ did not see the plaintiff THOMAS HARTMAN with weapons of any kind.

51.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS, acting in concert with the other defendants, while in the vicinity of 454 Allen Avenue, Oceanside, New York, intentionally drove the Vehicle onto the sidewalk and struck the back of the unarmed plaintiff THOMAS HARTMAN with the Vehicle.

52.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ, acting in concert with the other defendants, while in the vicinity of 454 Allen Avenue, Oceanside, New York, intentionally drove the Vehicle onto the sidewalk and struck the

back of the unarmed plaintiff THOMAS HARTMAN with the Vehicle.

53.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS, acting in concert with the other defendants, while in the vicinity of 454 Allen Avenue, Oceanside, New York, intentionally drove the Vehicle over the plaintiff THOMAS HARTMAN.

54.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ, acting in concert with the other defendants, while in the vicinity of 454 Allen Avenue, Oceanside, New York, intentionally drove the Vehicle over the plaintiff THOMAS HARTMAN.

55.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER KARL N. SNELDERS, acting in concert with the other defendants, while in the vicinity of 454 Allen Avenue, Oceanside, New York, used the Vehicle as an instrument of deadly force against the plaintiff THOMAS HARTMAN.

56.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ, acting in concert with the other defendants, while in the vicinity of 454 Allen Avenue, Oceanside, New York, used the Vehicle as an instrument of deadly force against the plaintiff THOMAS HARTMAN.

57.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant

POLICE OFFICER KARL N. SNELDERS, acting in concert with the other defendants, intended and attempted to kill the plaintiff THOMAS HARTMAN.

58.     That on the March 12, 2004, at approximately 4:58 p.m., the defendant POLICE OFFICER MICHAEL KNATZ, acting in concert with the other defendants, intended and attempted to kill the plaintiff THOMAS HARTMAN.

59.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested while in the vicinity of 454 Allen Avenue, Oceanside, New York

60.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant THE COUNTY OF NASSAU, its servants, agents, police officers, detectives and/or employees, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

61.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant NASSAU COUNTY POLICE DEPARTMENT, its servants, agents, police officers, detectives and/or employees, while he was in the vicinity of 454 Allen Avenue, Oceanside, New York.

62.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant POLICE OFFICER KARL N. SNELDERS, while in the vicinity of 454 Allen Avenue,

Oceanside, New York.

63.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant POLICE OFFICER MICHAEL KNATZ, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

64.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant DEPUTY INSPECTOR ROBERT TURK, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

65.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant LIEUTENANT THOMAS ZAMOJCIN, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

66.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant POLICE OFFICER "JOHN" SMITH, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

67.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant POLICE OFFICER "JOHN" BRADY, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

68.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was

arrested and/or caused to be arrested by the defendant DETECTIVE BARRY O. FRANKLIN, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

69.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant POLICE OFFICER THOMAS O. McCAFFREY, while in the vicinity of 454 Allen Avenue, Oceanside, New York.

70.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant police officers known as and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, said names being fictitious and presently unknown, of the police department of the defendant THE COUNTY OF NASSAU.

71.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was arrested and/or caused to be arrested by the defendant police officers known as POLICE OFFICERS "JOHN DOE and JANE DOE", said names being fictitious and presently unknown, of the police department of the defendant NASSAU COUNTY POLICE DEPARTMENT.

72.     That on the March 12, 2004, the plaintiff THOMAS HARTMAN, was carelessly, negligently, wantonly, intentionally, maliciously, relentlessly, illegally and improperly arrested by said defendants, in that said officers improperly and illegally used excessive force, improperly and illegally

► 14►

used deadly force, in using excessive and deadly force in apprehending and arresting the plaintiff when there was no probable cause to believe that the plaintiff posed a significant threat of death or serious physical injury to the officers or others.

73.     That the foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, intentional infliction of emotional distress, illegal and improper use of excessive and deadly force on the part of the defendants, their servants, agents, police officers, and/or employees, in violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the plaintiff contributing thereto.

74.     That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence; attorneys' fees, all to his great damage.

75.      That by reason of the foregoing, plaintiff THOMAS HARTMAN has been damaged in an amount to be determined upon the trial of this action and/or in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS.

COUNT 1:

76.      That plaintiff repeats, reiterates and realleges each and every allegation as contained in paragraphs 1 through 75 of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

77.      The Plaintiff THOMAS HARTMAN claims damages for the injuries set forth above under 42 USC §1983 against the defendants the NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, for violation of his constitutional rights under color of law.

COUNT II:

78.      That plaintiff repeats, reiterates and realleges each and every allegation as contained in paragraphs 1 through 77 of the within Complaint with the same force and effect as though each were more fully set forth at length

herein.

79.     Prior to March 12, 2004, THE COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the County of Nassau, with caused the violation of the plaintiff's rights.

80.     It was the policy and/or custom of the COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, to inadequately and improperly investigate citizen complaints of police misconduct, and the acts of misconduct were instead tolerated by the said defendants.

81.     It was the policy and custom of the COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of police officers.

82.     As a result of the above-described practices and customs, police officers in the COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be

tolerated.

83.     The above-described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the COUNTY OF NASSAU, the NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER KARL N. SNELDERS, POLICE OFFICER MICHAEL KNATZ, DEPUTY INSPECTOR ROBERT TURK, LIEUTENANT THOMAS ZAMOJCIN, POLICE OFFICER "JOHN" SMITH, POLICE OFFICER "JOHN" BRADY, DETECTIVE BARRY O. FRANKLIN, POLICE OFFICER THOMAS O. McCAFFREY and "JOHN and JANE DOES 1-15", said names being fictitious and presently unknown, to the constitutional rights of persons within the County of Nassau, and were the cause of the violations of plaintiff's rights alleged herein.

### Jury Demand

The plaintiff hereby demands a jury trial.

WHEREFORE, the plaintiff demands judgment against the defendants, the amount sought on each Claim in amounts to be determined upon the trial of this action, and/or in the Count I in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS, on Count II in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS, punitive damages in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS, together with the costs, disbursements and attorneys fees of this action, and with interest from the date of this occurrence.

▶ 19◀