# EXHIBIT F

IND NO. 1364 N- 04

======================================================
COUNTY COURT  :  COUNTY OF NASSAU  :  STATE OF NEW YORK
======================================================
THE PEOPLE OF THE STATE OF NEW YORK

    -against-

THOMAS HARTMANN,

                      Defendant

======================================================

DENIS DILLON
District Attorney

======================================================

INDICTMENT FOR

CRIMINAL CONTEMPT IN THE FIRST DEGREE

AGGRAVATED HARASSMENT IN THE SECOND DEGREE
(FOUR COUNTS)

MENACING IN THE THIRD DEGREE
(TWO COUNTS)

RESISTING ARREST

VIOLATION OF SECTION 1212 OF THE VEHICLE AND
TRAFFIC LAW OF NEW YORK STATE

RECKLESS ENDANGERMENT IN THE SECOND DEGREE

======================================================
A TRUE BILL

                      Foreman [signature]
======================================================

COUNTY COURT : COUNTY OF NASSAU : STATE OF NEW YORK

------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

    -against-

THOMAS HARTMANN,

                    Defendant

------------------------------------------------

THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, accuse the defendant of the crime of CRIMINAL CONTEMPT IN THE FIRST DEGREE, in violation of Section 215.51 Subdivision (b)(iv) of the Penal Law of the State of New York committed as follows:

The defendant, THOMAS HARTMANN, on or about the 2nd day of September, 2003, in the County of Nassau, State of New York, in violation of a duly served order of protection, or such order of which the defendant had actual knowledge because he was present in court when such order was issued, with intent to harass, annoy, threaten or alarm a person for whose protection such order was issued, did repeatedly make telephone calls to such person, whether a conversation ensued or not, with no purpose of a legitimate communication, to wit: violated Nassau County Family court order of protection issued by the Hon. David P. Sullivan, under docket # 0-08950-03 on August 4, 2003, by repeatedly calling the protected party, Kim Hartmann, and making threats against her.

### SECOND COUNT

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of the crime of AGGRAVATED HARASSMENT IN THE SECOND DEGREE, in violation of Section 240.30 Subdivision 1 of the Penal Law of the State of New York committed as follows:

The defendant, THOMAS HARTMANN, on or about the 2nd day of September, 2003, in the County of Nassau, State of New York, with intent to harass, annoy, threaten or alarm another person, did communicate or cause a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm, to wit: the defendant telephoned Kim Hartmann and made threats against her.

### THIRD COUNT

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of the crime of AGGRAVATED HARASSMENT IN THE SECOND DEGREE, in violation of Section 240.30 Subdivision 1 of the Penal Law of the State of New York committed as follows:

The defendant, THOMAS HARTMANN, on or about the 11th day of March, 2004, in the County of Nassau, State of New York, with intent to harass, annoy, threaten or alarm another person, did communicate or cause a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm, to wit: the defendant telephoned Kim Hartmann and made threats against her.

### FOURTH COUNT

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of the crime of AGGRAVATED HARASSMENT IN THE SECOND DEGREE, in violation of Section 240.30 Subdivision 1 of the Penal Law of the State of New York committed as follows:

The defendant, THOMAS HARTMANN, on or about the 11th day of March, 2004, in the County of Nassau, State of New York, with intent to harass, annoy, threaten or alarm another person, did communicate or cause a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm, to wit: the defendant, while talking to PO Thomas McCaffrey over the telephone, threatened his life and the lives of other police officers.

### FIFTH COUNT

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of the crime of AGGRAVATED HARASSMENT IN THE SECOND DEGREE, in violation of Section 240.30 Subdivision 1 of the Penal Law of the State of New York committed as follows:

The defendant, THOMAS HARTMANN, on or about the 12th day of March, 2004, in the County of Nassau, State of New York, with intent to harass, annoy, threaten or alarm another person, did communicate or cause a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm, to wit: the defendant telephoned Kim Hartmann and made threats against her.

### SIXTH COUNT

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of the crime of MENACING IN THE THIRD DEGREE, in violation of Section 120.15 of the Penal Law of the State of New York committed as follows:

The defendant, THOMAS HARTMANN, on or about the 12th day of March, 2004, in the County of Nassau, State of New York, by physical menace intentionally did place another person in fear of death, imminent serious physical injury or physical injury, to wit: whilehis hand was in his waistband, the defendant yelled in the presence of Police Officer Michael Knatz, "You better shoot me or I'm gonna shoot you".

### SEVENTH COUNT

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of the crime of MENACING IN THE THIRD DEGREE, in violation of Section 120.15 of the Penal Law of the State of New York committed as follows:

The defendant, THOMAS HARTMANN, on or about the 12th day of March, 2004, in the County of Nassau, State of New York, by physical menace intentionally did place another person in fear of death, imminent serious physical injury or physical injury, to wit: while his hand was in his pants and while facing Police Officer Kark Snelders, defendant yelled, "You better shoot me before I shoot you."

### EIGHTH COUNT

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of the crime of RESISTING ARREST, in violation of Section 205.30 of the Penal Law of the State of New York committed as follows:

The defendant, THOMAS HARTMANN, on or about the 12th day of March, 2004, in the County of Nassau, State of New York, did intentionally prevent or attempt to prevent a police officer or peace officer from effecting an authorized arrest of himself.

### NINTH COUNT

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of the crime of RECKLESS DRIVING in violation of Section 1212 of the Vehicle & Traffic Law of the State of New York, committed as follows:

The defendant, THOMAS HARTMANN, on or about the 12th day of March, 2004, in the County of Nassau, State of New York, did drive or use any motor vehicle, motorcycle or any other vehicle propelled by any power other than muscular power or any appliance or accessory thereof in a manner which unreasonably interfered with the free and proper use of the public highway or unreasonably endangered users of the public highway.

## TENTH COUNT

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of the crime of RECKLESS ENDANGERMENT IN THE SECOND DEGREE, in violation of Section 120.20 of the Penal Law of the State of New York committed as follows:

The defendant, THOMAS HARTMANN, on or about the 12th day of March, 2004, in the County of Nassau, State of New York, recklessly did engage in conduct which created a substantial risk of serious physical injury to another person, to wit: the defendant drove a vehicle recklessly through traffic.

All of the acts and transactions alleged in each of the several counts of this Indictment are connected together and form part of a common scheme and plan.

Dated: June 17, 2004

*Denis Dillon* [signature]

DENIS DILLON
District Attorney

PLEASE TAKE NOTICE that in accordance with the provisions of Section 240.30 of the Criminal Procedure Law, the People hereby demand that within fifteen days of the date of service of this Demand, you disclose and make available to the District Attorney of Nassau County for inspection, photographing, copying or testing: (a) any written report of document or portion thereof, concerning a physical or mental examination, or scientific test, experiment, or comparisons, made by or at the request or direction of the defendant, if the defendant intends to introduce same at trial of this action, or if the defendant has filed a notice of intent to proffer psychiatric evidence and such report or document relates thereto, or if same was made by a person, other than the defendant, whom the defendant intends to call as a witness at trial; and (b) any photograph, drawing, tape, or other electronic recording which the defendant intends to introduce at trial.

PLEASE TAKE FURTHER NOTICE that in accordance with the provisions of Section 250.20 of the Criminal Procedure Law, I hereby demand from you and each of you that if you intend upon the trial of this indictment to offer, for any purpose whatever, testimony which may tend to establish your presence elsewhere than at the scene of the crime or crimes with which you are charged, at the time of their commission, you must, within eight days from the date of service of this Demand, serve upon the District Attorney of Nassau County, and file with this court, a copy thereof, a "notice of alibi" which shall set forth in detail the place of places where you claim to have been together with the names, post office addresses, residences and places of employment and the address thereof of the witnesses upon whom you intend to rely to establish your presence elsewhere than at the scene of the crime or crimes at the time of their commission.

If at the trial of this action the defendant calls such an alibi witness without having served a notice of alibi pursuant to the demand, or, if having served such a notice he calls a witness not specified therein, a motion will be made pursuant to the provisions of Section 250.20 of the Criminal Procedure Law to exclude any testimony of such witness relating to the alibi defense.

PLEASE TAKE FURTHER NOTICE that pursuant to Section 710.30 of the Criminal Procedure Law, the People intend to offer at the trial of this indictment evidence of oral and/or written statement(s) made to a public servant pertaining to the charge set forth in this indictment.

PLEASE TAKE FURTHER NOTICE that pursuant to Section 710.30 of the Criminal Procedure Law, during the trial of this matter, the People expect to introduce testimony identifying the defendant as a person who committed the offenses charged as set forth in this indictment, which testimony will be given by a witness (witnesses) who has (have) previously identified the defendant.

DENIS DILLON<br>
District Attorney<br>
Nassau County, New York