# EXHIBIT G

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU    :   PART 40
- - - - - - - - - - - - - - - - - -X
THE PEOPLE OF THE STATE OF NEW YORK, :

            -against-                :   IND. # 1364N/04

THOMAS HARTMANN,                     :

                 Defendant.          :
- - - - - - - - - - - - - - - - - -X
                                 262 Old Country Road
                                 Mineola, New York  11501
                                 January 24, 2005
```

B E F O R E:

        HON. CLAIRE I. WEINBERG,
           Acting Supreme Court Judge

APPEARANCES:

        HON. DENIS DILLON,
        Nassau County District Attorney
        BY:  KYLE I. ROSE, ESQ.,
           Assistant District Attorney
                      For the People


        DENNIS LEMKE, ESQ.,
        114 Old Country Road
        Mineola, New York
           For the Defendant


                —    —    —

             Change of Plea

                —    —    —




                      Jane Bartley, CSR
                      Official Court Reporter

1    THE CLERK: Added to the calendar,
2 Indictment 1364N of '04, Thomas Hartmann.
3    MR. LEMKE: For Mr. Hartmann, your Honor,
4 Dennis Lemke, 114 Old Country Road, Mineola, New
5 York.
6    Good morning, your Honor.
7    MS. ROSE: For the People, Kyle Rose.
8    Good morning.
9    THE CLERK: You are Thomas Hartmann?
10   THE DEFENDANT: Yes.
11   THE CLERK: You appear here today with your
12 attorney, Mr. Lemke, under Indictment 1364N of '04?
13   THE DEFENDANT: Yes, sir.
14   THE CLERK: Is there an application?
15   MS. ROSE: Your Honor, there is.
16 Defendant, Thomas Hartmann, is charged under
17 Indictment 1364N of '04 with criminal contempt in the
18 first degree; aggravated harassment in the second
19 degree, four counts; menacing in the third degree,
20 two counts; resisting arrest, a violation of Section
21 1212 of the Vehicle and Traffic Law, which is
22 reckless driving; and reckless endangerment in the
23 second degree.
24   At this time the People would be moving to
25 reduce the first count of the indictment, which

1  charges the defendant with criminal contempt in the
2  first degree. We will be moving to reduce that to
3  criminal contempt in the second degree, in violation
4  of Section 215.50 subdivision three of the Penal Law,
5  a class A misdemeanor.
6       With respect to count number four, which
7  charges the defendant with aggravated harassment in
8  the second degree, a class A misdemeanor, in
9  violation of Section 240.30 subdivision one of the
10 Penal Law, the People anticipate a plea of guilty to
11 that charge.
12      Lastly, with respect to count eight of the
13 indictment --
14      THE COURT: Just a minute. He is going to
15 plead guilty to count four, which is 240.30
16 subdivision one?
17      MS. ROSE: That's correct.
18      THE COURT: Okay.
19      MS. ROSE: And with respect to count eight
20 of the indictment, which charges the defendant with
21 resisting arrest, in violation of Section 205.30 of
22 the Penal Law, also a class A misdemeanor, the People
23 anticipate a plea of guilty to that charge.
24      Those three anticipated pleas of guilty
25 would satisfy Indictment 1364N of '04. The remaining

1  charges would be dismissed in satisfaction, not on
2  the merits, but dismissed in satisfaction of the
3  anticipated pleas of guilty.
4      THE COURT: So he is going to be pleading
5  guilty to the 215.50 that you have reduced under
6  count one?
7      MS. ROSE: Yes.
8      THE CLERK: Sub three?
9      MS. ROSE: Sub three.
10     Your Honor, the plea is conditioned upon
11 defendant, of course, pleading guilty to those three
12 counts, providing the Court with truthful testimony
13 with respect to the facts of the case, also waiving
14 his right to appeal both the conviction today and
15 later sentence of this Court.
16     It's our understanding that the defendant
17 has had discussions with his attorney concerning his
18 waiver of right to appeal and that he voluntarily
19 chooses to waive his right to appeal.
20     The plea is also done -- I'm sorry. We
21 believe this proposed disposition to be in the
22 interest of justice. We ask the Court to accept this
23 plea. Thank you, your Honor.
24     MR. LEMKE: Your Honor, we join in the
25 People's application in all respects. We have

1   conferenced this matter on a number of occasions as
2   well as speaking to, I wouldn't say so much
3   co-counsel but an attorney who is handling his civil
4   matter, as well, Mr. Hanson. We are all in agreement
5   with this disposition, your Honor. Thank you.
6   T H O M A S   H A R T M A N N, the defendant, having
7   been first duly sworn by the Clerk of the Court,
8   was examined and testified as follows:
9           THE COURT: Mr. Hartmann, how old are you?
10          THE DEFENDANT: I'm 36.
11          THE COURT: And do you read and write
12  English?
13          THE DEFENDANT: Yes.
14          THE COURT: Are you a citizen of the United
15  States?
16          THE DEFENDANT: Yes.
17          THE COURT: I have a series of questions
18  that I must ask you.
19          What was the last grade you completed in
20  school?
21          THE DEFENDANT: GED.
22          THE COURT: And do you feel in good
23  physical and mental health as you stand here today?
24          THE DEFENDANT: Not really physical. I
25  mean --

1    THE COURT: I know you have physical
2 problems, but are any of those problems affecting
3 your ability to understand and take this plea today?
4    THE DEFENDANT: No.
5    THE COURT: Okay. Have you taken any
6 alcohol or any drugs within the last 24 hours, and I
7 know that you have taken prescription medication.
8    THE DEFENDANT: Yes.
9    THE COURT: Does that affect in any way
10 your ability to understand or take this plea today?
11    THE DEFENDANT: No.
12    THE COURT: Have you ever been treated or
13 confined to a hospital for any mental illness?
14    THE DEFENDANT: No.
15    THE COURT: Do you feel that you've had
16 sufficient time to consult with your attorney before
17 deciding to plead guilty?
18    THE DEFENDANT: Yes, your Honor.
19    THE COURT: Are you satisfied with the
20 manner in which your attorney has represented you?
21    THE DEFENDANT: Yes, your Honor.
22    THE COURT: You understand, of course, that
23 you do have the right to a trial by jury with the
24 assistance of your attorney and that the district
25 attorney would have to prove your guilt beyond a

1    reasonable doubt?

2            THE DEFENDANT: Yes, your Honor.

3            THE COURT: You also have the right to hear

4    the witnesses against you and to have your attorney

5    cross-examine those witnesses against you.

6            You have the right to take the witness

7    stand and testify in your own behalf but you have no

8    obligation to do that at all.

9            You have the right to bring in witnesses to

10   testify for you, and by pleading guilty you are

11   giving up all of these and other rights. Do you

12   understand that?

13           THE DEFENDANT: Yes, your Honor.

14           THE COURT: You understand that a plea of

15   guilty is the same as a conviction after trial?

16           THE DEFENDANT: Yes, your Honor.

17           THE COURT: Has anyone made any threats to

18   induce you to give up your right to trial or to force

19   you to plead guilty?

20           THE DEFENDANT: No, your Honor.

21           THE COURT: You understand that you are

22   subject to up to one year in the Nassau County Jail,

23   actually a year and a year consecutive on these three

24   charges.

25           The Court has made a prior commitment of

Jane Bartley, CSR

1  what we call a split sentence, which will be 60 days
2  and probation. I have ordered a probation report.
3  If after reading that report, I can't keep the
4  promise, you could withdraw your plea. I certainly
5  don't intend to do that today though, I will order
6  the report.
7           MR. LEMKE: Thank you.
8           THE COURT: On the other hand, there are
9  three conditions under which you would not be allowed
10 to withdraw your plea and the Court would not feel
11 bound by that promise. One is if you don't cooperate
12 with probation, or two, if you don't appear here on
13 the day of the sentence, or three, if you get
14 arrested between now and the date of the sentence.
15 Any one of those three things happen, no promise and
16 no ability to withdraw your plea. Understood?
17          THE DEFENDANT: Yes your Honor.
18          THE COURT: You are also being asked to
19 give up your right to appeal. You do have the right
20 to appeal to a higher court in regard to the plea and
21 sentence in this case and they are asking you, the
22 People are asking you to give up that right to
23 appeal. Have you discussed with your attorney giving
24 up your right to appeal?
25          THE DEFENDANT: Yes, your Honor.

```
 1              THE COURT:  Has anyone made any threats to
 2    force you to give up your right to appeal?
 3              THE DEFENDANT:  No, your Honor.
 4              THE COURT:  Are you giving up your right to
 5    appeal voluntarily?
 6              THE DEFENDANT:  Yes, your Honor.
 7              THE COURT:  By giving up your right to
 8    appeal you understand that no higher court will
 9    review what happens in this case?
10              THE DEFENDANT:  Yes, your Honor.
11              THE COURT:  Are you presently on probation
12    or parole?
13              THE DEFENDANT:  No, your Honor.
14              THE COURT:  Have you previously been
15    convicted of a felony?
16              THE DEFENDANT:  Yes, your Honor.
17              THE COURT:  Actually, that will not affect
18    you with this plea.
19              On August 4th, 2003 in Nassau County, New
20    York, you knew that there was an order of protection
21    in effect; is that correct?
22              THE DEFENDANT:  Yes, your Honor.
23              THE COURT:  And you violated that order by
24    repeatedly calling Kim Hartmann; is that correct?
25              THE DEFENDANT:  Yes, your Honor.
```

1   MR. LEMKE: I'm sorry, what day was that,
2   your Honor?
3   MS. ROSE: September 2nd.
4   THE COURT: I'm sorry, what is the date?
5   MR. LEMKE: I believe it's September 2nd,
6   and August 4th, 2003 was the --
7   THE COURT: Was the date that the order was
8   signed?
9   MR. LEMKE: That's correct, Judge, by Judge
10  Sullivan.
11  THE COURT: Okay. On September the 2nd,
12  you violated the order by continuously calling Kim
13  Hartmann, correct?
14  THE DEFENDANT: Yes.
15  THE COURT: And on March 11th of 2004 you
16  threatened Thomas McCaffery; is that correct?
17  THE DEFENDANT: Yes, your Honor.
18  THE COURT: And on March the 12th of 2004
19  in Nassau County, New York, did you resist arrest?
20  THE DEFENDANT: Yes, your Honor.
21  THE COURT: So under count one, how do you
22  plead to criminal contempt in the second degree, an A
23  misdemeanor?
24  THE DEFENDANT: Guilty.
25  THE COURT: Under count four, how do you

1  plead to aggravated harassment?

2          THE DEFENDANT: Guilty.

3          THE COURT: And under count eight, how do

4  you plead to resisting arrest?

5          THE DEFENDANT: Guilty.

6          THE COURT: Pleas accepted.

7          THE CLERK: Do you now wish to withdraw

8  your previously entered plea of not guilty to

9  Indictment 1364N of '04 and enter a plea of guilty to

10 criminal contempt in the second degree, Penal Law

11 Section 215.50 subdivision three; aggravated

12 harassment in the second degree, Penal Law Section

13 240.30 subdivision one; and resisting arrest, Penal

14 Law Section 205.30?

15         THE DEFENDANT: Guilty.

16         THE CLERK: Date for sentence, Judge.

17 March 21st?

18         THE COURT: 3/21 for sentence.

19         Are you going to be able to make it over to

20 probation today?

21         THE DEFENDANT: Yes, your Honor.

22         THE CLERK: Let the record reflect

23 defendant is being handed a copy of his court order

24 for pre-sentence investigation and report and being

25 directed to appear today at the Department of

Case 1:04-cv-01784-CLP   Document 50-8   Filed 01/08/07   Page 13 of 13 PageID #: 700

People vs. Hartmann                              12

1   Probation.

2           Your case has been adjourned to March 21st.

3   If you fail to appear on that day, warrant will be

4   issued for your arrest, you'll be subject to

5   additional charges of bail jumping and you can be

6   sentenced in your absence.  Do you understand?

7           THE DEFENDANT:  Yes.

8           MR. LEMKE:  Thank you, your Honor.

9           (The proceedings were concluded.)

10

11                  --      -      -

12              C E R T I F I C A T I O N

13          I hereby certify that the foregoing is a
    true and accurate transcript of the proceedings.

14

15                      *[signature: Jane Bartley]*

16                      Jane Bartley, CSR
                        Official Court Reporter

17