**THOMAS R. SUOZZI**
County Executive



**LORNA B. GOODMAN**
County Attorney

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
**Ralph G. Caso Executive and Legislative Building**
**One West Street**
**Mineola, New York 11501-4820**
**516-571-6190**
**FAX: 516-571-3058**

September 17, 2007

**VIA ECF**
Honorable Cheryl L. Pollack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        RE:    Hartman v. The County of Nassau, et al.
              04-CV-1784 (ILG) (CLP)
              **Basis for Motion for Summary Judgment**

Dear Judge Pollack:

      This office represents Defendants County of Nassau ("County"), Police Officer Karl Snelders ("Snelders") and Police Officer Michael Knatz ("Knatz") in the above-referenced action. Per this Court's August 28, 2007 order, Defendants are writing to inform the Court that they seek to file a summary judgment motion. Defendants' motion will be based on the grounds outlined below:

      **Claims Against Defendants in their Official Capacities**

      The complaint names the County Defendants in their official capacities. Plaintiffs' claims against the County Defendants sued in their official capacities are duplicative, because Plaintiffs have named the County as a Defendant. *See e.g. Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001); *see also Shabazz v. Coughlin*, 852 F.2d 697, 700 (2d Cir. 1988); *Nogue v. City of New York*, No. 98-CV-3058, 1999 U.S. Dist. LEXIS 13201, at *23 n.13 (E.D.N.Y. Aug. 27, 1999); *Orange v. County of Suffolk*, 830 F.Supp. 701, 706-07 (E.D.N.Y. 1993). Accordingly, the claims against the County Defendants their official capacities must be dismissed.

      **Qualified Immunity**

      "It is well-established that police officers are afforded the defense of qualified immunity from suits for damages arising from their official conduct." *See Posr v. New York State Court Officer*, 2006 U.S. Dist. LEXIS 13934, 27-28 (E.D.N.Y. Mar. 13, 2006). "Even where the law and the scope

of permissible official conduct are clearly established, the defense of qualified immunity will protect a government official if it was objectively reasonable for him to believe his acts were lawful'." *See Cartier v. Lussier*, 955 F.2d 841, 844 (2d Cir. 1992).

Police Officer Karl Snelders reasonably believed it imminent that Plaintiff would use deadly physical force against him and other police officers. Therefore, it was reasonable for Defendants to believe that their actions were lawful, in light of clearly established law and the information they possessed. Thus, qualified immunity shields them from liability with respect to all claims in this civil action and the claims against them must be dismissed. *See id.*

### False Arrest/False Imprisonment

A finding of probable cause will defeat false arrest, false imprisonment and malicious prosecution claims. *See Cameron v. Fogarty*, 806 F.2d 380, 387-88 (2d Cir. 1986) (citing cases). The existence of probable cause is reinforced by grand jury indictment. *See Carson v. Lewis*, 35 F. Supp. 2d 250, 260-61 (E.D.N.Y. 1999) (citing cases). Conviction after trial or by guilty plea establishes the existence of probable cause and will bar a Section 1983 false arrest/false imprisonment claim *See Wade v. Williams*, 96-2307, 1996 U.S. App. LEXIS 27293, at *2 (2d Cir. 1996.

Plaintiff's arrest and confinement were supported by probable cause because Plaintiff pled guilty to the reduced crimes in satisfaction of the charges against him in connection with his arrest of March 11, 2004.

### Excessive Force

The standard of analysis for an excessive force claim is an objective one, and is based upon the facts and circumstances of each case, without taking into account an officer's underlying intent or motivation. *Graham v. Connor*, 490 U.S. 386, 397 (1989); *see also Esmont v. City of New York*, 371 F. Supp. 2d 202, 214 (E.D.N.Y. 2005).

Police Officer Karl Snelders reasonably believed it imminent that Plaintiff would use deadly physical force against him and other police officers and this application of force was reasonable at the time of Plaintiff's arrest. Therefore, Plaintiff's excessive use of force claim must be dismissed.

### Negligence

Once intentional contact has been established a claim for negligence cannot be supported, especially where the defendants concede that the complained about contact was intentional. *See Sylvester v. City of New York*, 385 F. Supp. 2d 431, 438-439 (S.D.N.Y. 2005). Plaintiff's negligence claims must be dismissed as the County Defendants have conceded that Plaintiff was intentionally struck with a police vehicle when Police Officer Karl Snelders reasonably believed it imminent that Plaintiff would use deadly physical force against him and other police officers.

In accordance with the Court's August 28, 2007 order, Defendants will serve and file their motion by October 29, 2007; Plaintiff's opposition to be served and filed by November 30, 2007; and Defendants' reply to be served and filed by December 14, 2007.

Respectfully submitted,
LORNA B. GOODMAN
Nassau County Attorney

By:      /smm/ /ja/
       Sondra M. Mendelson (SMM 0215)
       Joseph Anci (JA 1813)
       Deputy County Attorneys

cc: Daniel J. Hansen
    233 Broadway, Fifth Floor
    New York, N.Y. 10279
    Attorney for the Plaintiff