UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
THOMAS HARTMANNN,

                             Plaintiff,

                Docket No.: 04CV1784 (CLP)

        -against-

POLICE OFFICER KARL N. SNELDERS
and POLICE OFFICER MICHAEL KNATZ,

                            Defendants.
-------------------------------------------------------------------------x


**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE AT TRIAL**


Daniel J. Hansen, Esq.
Attorney for the Plaintiff Thomas Hartmannn
233Broadway, Fifth Floor
New York, NY 10279
(212) 697-3701

### 1. Convictions from 1988-1992 are Not Relevant to Show Mr. Hartmannn's "Intent to Flee" or his "State of Mind" on March 12, 2004

Rule 404 provides, in relevant part, [e]vidence of a person's character or trait of character is not admissible for the purpose of proving an action in conformity therewith on a particular occasion," and that [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).

The Second Circuit and the district courts hold that, in §1983 excessive force actions, evidence of past crimes and past bad acts is not relevant to show "intent" or "state of mind," but is inadmissible under Rule 404(b) as evidence to show a propensity to commit such acts. *See Hynes v. Coughlin*, 79 F.3d 285, 291 (2d Cir. 1996) (admission of evidence of prior assaults for claimed purpose of showing "intent" is abuse of discretion: "A dispute as to whether or not a party performed a particular physical act is not an issue as to intent.").

Courts in §1983 excessive force actions routinely reject the claim that that prior convictions are relevant to show "intent," "motive" or "state of mind," as the defendants here contend, since the past crimes have no relevance except to show propensity for violence—evidence that is expressly made not admissible by Rule 404(b). *See Lewis v. Velez*, 149 F.R.D. 474 (S.D.N.Y. 1993) (prior assaults or fights may not be admitted under Rule 404(b) to show propensity for violence or not relevant to show state of mind or intent); *Eng v. Scully*, 146 F.R.D. 74, 80 (S.D.N.Y. 1993) (in §1983 excessive force action, evidence of previous confrontations with correction officers and other inmates is

not admissible to show intent or state of mind under Rule 404(b): "The force applied by the Defendants is the fact of consequence to the determination of this action; evidence of Plaintiff's intent or motive will not aid the finder of fact in determining the amount of force applied. Fed. R. Evid. 401. Plaintiff's disciplinary records are not relevant to this action, and are therefore inadmissible.")

The same result was reached in *Holloway v. Mitchell-Oddy*, 488 F.Supp.2d 239 (N.D.N.Y. 2007), where, in a §1983 excessive force action, the district court granted the plaintiff's motion in limine to exclude evidence of the plaintiff's criminal conviction and prison disciplinary records. In finding that that the primary issue in the case was who was the aggressor in the altercation between the plaintiff and a correction officer, the court ruled that neither "plaintiff's prison disciplinary record, nor his past conviction for assault, has relevance to this issue for any purpose except to show propensity." 488 F.Supp.2d at 240.

Similarly, in *Daniels v. Loizzo*, 986 F.Supp. 245 (S.D.N.Y. 1997), another §1983 excessive force action, the Court held that while evidence of an outstanding parole warrant was admissible to demonstrate the plaintiff's motive in resisting arrest under Rule 404(b), an earlier incident on July 1, 1997 involving an escape and the assault on police detectives and a 1988 conviction for the assault and resisting arrest "are inadmissible because they do not demonstrate motive to resist arrest. Instead, the proffer of such evidence amounts to nothing more than a veiled attempt to do what Rule 404(b)

2

prohibits—the use of bad acts evidence to show a propensity to commit such acts." 986 F.Supp. at 248.

As the Second Circuit held in *Hynes* and the numerous other §1983 excessive force cases, the unrelated prior bad acts or convictions from 19 to 22 years in the past do not, in any way, relate to Mr. Hartmannn's intent in fleeing on March 12, 2004, but instead are being offered as "nothing more than a veiled attempt to do what Rule 404(b) prohibits—introduce bad acts evidence to show propensity to commit such acts." Daniels, supra, 786 F.Supp. at 248.

Under *Hynes*, evidence relating to these prior old convictions or bad acts must be precluded under Rule 404(b) as not relevant to any intent, but instead are proffered for the impermissible purpose of showing propensity to commit such acts (and do not related Mr. Hartmann's veracity or propensity for truthfulness). This impermissible evidence includes items numbered 3, 4, 6 through 19, 22, and 24 through 39 on the defendants' exhibit list in Pretrial Order as well as witnesses who purport to give testimony about these prior inadmissible acts or events.

### 2. The Convictions from 1988, 1989, and 1992 Could Not Possibly "Complete a Series of Events" Between Snelders and Mr. Hartmann Some 12 to 16 Years Later in March, 2004

There was no, as defendants argue, "series of events" between Snelders and Mr. Hartmann. These parties never met or knew each other until the initial encounter on Brower Avenue shortly before 5:00 p.m., on March 12, 2004. There is no connection or "series of events" to "complete the narrative" or the "nature of the relationship between the parties" (defs. Memo p.8). There was no "series," with the old property-related convictions from twenty years past not, in any manner, connected to Mr. Hartmann being pursued by Snelders for making telephone calls to his ex-wife (not Snelders or Knatz) on March 11, 2004.

Snelders and Knatz had no involvement in the events between 1988 through 1992, or even the events on March 11, 2004. The facts of these old past convictions occurred without any relation to why Snelders was pursuing Mr. Hartmann on March 12, 2004. They were property-related offences that occurred at a different time, a different place, and involved individuals who were complete strangers to the events many years later in March, 2004. The true reason, of course, for the defendants seeking to admit these disparate past events is to get into evidence the exact type of evidence that Rule 404(b) prohibits: evidence to impugn Mr. Hartmann and shown that he had the propensity to commit crimes or bad acts.

There was also no "narrative" or any "relationship" between Snelders and Hartmann. They were complete strangers to each before March 12, 2004. Mr. Hartmann may have had a stormy relationship with his wife, but there was a

4

complete absence of a relationship between Mr. Hartmann and either Snelders or Knatz. *See Hynes*, *supra*, 79 F.3d at 291-92: "for the proper purpose of pattern evidence is principally to show the identity of the perpetrator or evidence of the absence of accident or mistake."

Concerning any "intent," as in *Daniels*, *supra*, while evidence of the Mr. Hartmann's violation of the order of protection "may be admissible to demonstrate the plaintiff's motive in resisting arrest under Rule 404(b)," the unrelated old convictions for offences from 20-plus years in the past involving matters such as possession of stolen property, "are inadmissible because they do not demonstrate motive to resist arrest. Instead, the proffer of such evidence amounts to nothing more than a veiled attempt to do what Rule 404(b) prohibits—introduce bad acts evidence to show a propensity to commit such acts." *Daniels*, *supra*, 986 F.Supp. at 248; *Holloway, supra,* 488 F.Supp.2d at 240 (holding inadmissible under Rule 404(b) "plaintiff's prison disciplinary record, nor his past conviction for assault, has relevance to this issue for any purpose except to show propensity.")

### 3.     Defendants Simply Ignore the Controlling Second Circuit Authority under Rule 608 and 609

The defendants do not oppose Mr. Hartmannn's argument that any misdemeanor and violations convictions are inadmissible under Fed. R. Evid. 608 and 609.  And as for the old convictions for crimes against property, the defendants concede, as they must, that 609(a) is not applicable, but then simply conclude, without citation to any evidence in the record or citation to controlling legal authority, that the 20-year-old convictions bear on Mr. Hartmann's credibility.

The defendants simply disregard that the Second Circuit holds that under Rule 609(b) convictions more than 10 years old should be admitted "very rarely and only in exceptional circumstances," *Zinman v. Black & Decker, Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) and that convictions more than ten years old have very little or no probative value.  *United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978).

The defendants chose to simply ignore that Rule 609(b) places a "greater burden" on them in seeking to use the old convictions, *United States v. Schlussel*, 2009 WL 536066 (S.D.N.Y. 2009) *citing United States v. Weichert*, 783 F.2d 25, 26 n.3 (2d Cir. 1986), making no effort to satisfy their heavy "burden of demonstrating that the conviction was for a crime that involved dishonesty or false statement."  *United States v. Khalil*, 2005 WL 3117195 (2nd Cir. 2005).

The defendants never attempt to meet, as they must, the high standard of Rule 609(b) of showing that any evidentiary value of the old "***substantially outweighs***" their prejudicial effect.  *See United States. v. Hayes*, 553 F.2d 824,

827 (2d Cir. 1977).

The defendants do not reference, even in passing, that the Second Circuit made clear in *Hayes* that crimes of force "such as armed robbery or assault" "or crimes of stealth, such as burglary" are not crimes that involve dishonesty or false statement. *Hayes*, *supra*, 553 F.2d at 827. *Accord United States v. Blacken*, 969 F.2d 827, 830 (9th Cir. 1992) (en banc) (bank robbery not per *se* crime of dishonesty subject to Rule 609(a)(2)); *United States v. Farmer*, 923 F.2d 1557, 1567 (11th Cir. 1991) ("It is established in this Circuit... that crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)"); *United States v. Glenn*. 667 F.2d 1269, 1273 (9th Cir. 1982) (burglary and grand theft are not per *se* crimes of dishonesty); *Wright v. Aargo Security Services, Inc.*, 2001 WL 1035139 (S.D.N.Y. 2001) ("Arson is not a crime that inherently involves dishonesty."); *Fletcher v. City of New York*, 54 F.Supp.2d 328 (S.D.N.Y. 1999) ("Guilty plea to attempted robbery in the second degree is not a crime that involves dishonesty or false statement and is, therefore, inadmissible under Fed. R. Evid. 609(a)(2)"); *Daniels v. Loizzo*, 986 F.Supp. 245 (S.D.N.Y. 1997) (convictions for unauthorized use of vehicle, possession of stolen property, disorderly conduct, resisting arrest, and escape are inadmissible under Rule 609(a)(2)); *United States v. Nachamie*, 101 F.Supp.2d 134 (S.D.N.Y., 2000) (conviction for attempted arson "is not a crime involving dishonesty or false statement").

Armed with nothing but the bare records of the convictions, and no real opposition from the defendants, a court could not "rationally conclude such

activity in a witness's past is probative on the issue of credibility." *Id; see Hayes,* 553 F. 2d at 827.

The defendants do not address how the convictions from 20-plus years in the past are of any probative value *United States v. Hawley,* 554 F.2d 50, 53 n.5 (2d Cir. 1977), or how these ancient convictions bear relevance to the elements of Plaintiffs' excessive force claim. *See Daniels v. Loizzo,* 986 F. Supp. 245, 251 (S.D.N.Y. 1997); *Sedney* v. *Blot,* 2003 WL 22839801, at *1 (S.D.N.Y. 2003).

The defendants also ignore that the conviction in 2005 (relating to the events of March 12, 2004) must be excluded under Rule 609(a) since they do not relate, in any way, to any dishonesty or false statement that would support their admission under Rule 609(a). *United States v. Khalil*, 2005 WL 3117195 (2d Cir. 2005).

Finally, the defendants do not oppose or address the argument that unproven charges and mere arrests without conviction have no probative value and would create a risk of unfair prejudice to Mr. Hartmannn and, as a result, must be excluded from trial pursuant to Rules 402, 403, 404(b), 608 and 609. *See Goines v. Walker,* 2000 WL 976657, at *8 (E.D.N.Y. July 12, 2000) (quoting *People v. Cook,* 37 N.Y.2d 591, 596 (1975); *People v. Sigl,* 124 A.D.2d 1053, 1054 (4th Dep't 1986)); *Hartmannn v. LeFevre,* 467 F. Supp. 1026, 1028-29 (D.C.N.Y. 1979); *Williams v. McCarthy,* 2007 WL 3125314, at *2 (S.D.N.Y. Oct. 25, 2007); *Moore v. City of Chicago,* 2008 WL 4549137 (N.D. Ill. Apr. 15, 2008); *see Gregory* v. *Oliver,* 2003 WL 1860270, at *1 (N.D. Ill. Apr. 9, 2003); *Daniels*, *supra*, 986 F. Supp. at 252.

For all these reasons, Plaintiffs respectfully request that any evidence relating to prior convictions and unproven charges for Mr. Hartmannn be excluded from trial.

## **CONCLUSION**

The plaintiff Thomas Hartmann respectfully request that the Court grant his motion to exclude past convictions or bad acts, including the conviction arising out of this action, and evidence concerning the arrest history of Mr. Hartmann, including evidence of all dismissed charges against Mr. Hartmann arising from the incident at issue.

Dated:  New York, New York
            January 20, 2010

                 Respectfully submitted,

                 _____
                 Daniel J. Hansen, Esq. (DJH:0211)
                 *Attorney for Plaintiffs*
                 233 Broadway, Fifth Floor
                 New York, New York 10279
                 (212) 697-3701