UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THOMAS HARTMANNN,

                Plaintiff,

                                                                   Docket No.: 04CV1784 (CLP)

        -against-

POLICE OFFICER KARL N. SNELDERS
and POLICE OFFICER MICHAEL KNATZ,


                Defendants.
------------------------------------------------------------------------x




**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION**
***IN LIMINE* TO EXCLUDE EVIDENCE OF EVENTS OF MARCH 11, 2004**










Daniel J. Hansen, Esq.
Attorney for the Plaintiff Thomas Hartmann
233Broadway, Fifth Floor
New York, NY 10279
(212) 697-3701

This memorandum of law is submitted in support of the plaintiff's motion to exclude from evidence records and allegations concerning the events that occurred on March 11, 2004, the day before the events of March 12, 2004 between Mr. Hartmann and the defendants that occurred on Allen Avenue in Oceanside.

As set forth below, that Mr. Hartmann was wanted for harassment and contempt on March 11, 2004 is admissible only for the limited purpose of demonstrating his motive to flee arrest on March 12, 2004. However, the March 11, 2004 incidents along with the nature and details of those earlier events (and the resulting 2005 conviction) not inadmissible because they have not probative value on the contested issue. It is untested that Mr. Hartmann was fleeing arrest in the aforementioned misdemeanor charges.

Evidence of the specific facts underlying the events that occurred the days before the use of force was excluded under Rule 404(b) in *Daniels v. Loizzo*, 986 F.Supp. 245 (S.D.N.Y. 1997). The plaintiff in *Daniels*, *supra*, a §1983 excessive force action arising out of an arrest on July 6, 1987, moved *in limine* under Rule 404(b) to exclude evidence of the plaintiff's criminal acts that occurred on July 1, 1987, including evidence of the details of an escape, an assault on police detectives, and the related conviction for assault, resisting arrest, and escape. The court held that the details of the July 1, 1987 incident and resultant convictions were **inadmissible**:

> [T]he July 1, 1987 incident, along with the details of the escape, and the resulting 1988 Conviction are inadmissible because they do not demonstrate motive to resist arrest. Instead, the proffer of such evidence amounts to nothing more than a veiled attempt to do what Rule 404(b) prohibits-introduce bad acts evidence to show a propensity to commit such acts. *See Berkovich,* 922 F.2d at 1022. Accordingly, the Court will permit the introduction of evidence about the outstanding parole warrant as motive for resisting the July 6, 1987 arrest under Rule 404(b), but excludes evidence of the July 1, 1987 incident and the u1988 Conviction.

986 F.Supp. at 248. *See also Lewis v. Velez*, 149 F.R.D. 474 (S.D.N.Y. 1993).

The details of the events of March 11, 2004 are inadmissible for the additional reason this evidence could not possibly be admissible under Rule 404(b) since there is no evidence that he ever read any of the numerous reports/records or that he ever listened to any of the recordings from the day before. This is, in fact, confirmed by the defendants own records. Snelders was not present during any of the telephone calls from Mr. Hartmann to his ex-wife (defendants' pretrial order exhibits 35-38). Snelders was not present at Kim Hartmann's home on March 11, 2004, when the caper alarm was installed (defendants' pretrial order exhibit 39). There is also no proof that Snelders ever read or even saw any of the laundry list of other documents that the defendants seek to admit under the guise of state of mind, including items listed in the pretrial order as defendants' proposed exhibits numbered 11 through 34. The balance of the exhibits listed by the defendants (items 1-3 and 45-49) all relate to the charges and the resultant plea which, as set forth in the plaintiff's first motion in limine, are likewise inadmissible.

In addition to being excluded under Rule 404(b) as set forth in *Daniels*, *supra*, the proposed evidence concerning the underlying details events (again, documents and records that Snelders never saw) from March are inadmissible under Rule 403 as more prejudicial than probative. For example, the defendants seek to admit an answering machine tape message (defendants' proposed exhibits 36-38) where Mr. Hartmann left vulgar and profane messages, evidence that serves no legitimate probative purpose relating to the events of March 12, 2004. The prejudice of this type of evidence is manifest: an illicit attempt to paint Mr. Hartmann as a bad person who, in some way, deserved to be run down by Snelder's police car the following day.

The decision in *Daniels*, *supra*, in precluding the admission of the facts underlying the prior "bad acts" is consistent with Second Circuit's holding under Rule 609 of not permitting the introduction of the underlying facts of prior convictions, as distinct from the "nature" or the statutory title of the conduct.  *See United States Estrada*, 430 F.3d 606 (2d Cir. 2005).  In Judge Posner's words, the opposing party may not "harp on the witness's crime, parade it lovingly before the jury in all its gruesome details, and thereby shift the focus of attention from the events at issue in the present case to the witness's conviction in a previous case." *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987); *see also United States v. Albers*, 93 F.3d 1469, 1479-80 (10th Cir. 1996) (noting "well-established rule prohibiting examination into the underlying facts of prior convictions"); *United States v. Gordon*, 780 F.2d 1165, 1176 (5th Cir. 1986) (rejecting defendant's claim that he was entitled to cross-examine government witness concerning facts of prior felony offenses).

The breadth of the evidence being offered by the defendants to show the details of prior events between Mr. Hartmann and his ex-wife, as set forth in the pre-trial order, reveals the true motive of the defendants: to introduce bad acts evidence to show Mr. Hartmann's propensity to commit such acts on a later date, March 12, 2004—a purpose expressly prohibited by Rule 404(b).  The evidence proffered by the defendants includes thirty seven items of evidence relating to the prior acts,[i] without any proof that Snelders was privy to or saw or heard even one of these records.

---

[i] Defendants' Pretrial Order Document item No. 1: "Thomas Hartman Indictment # 1364N-04 (06/17/04); Defendants' Pretrial Order Document item No. 2: "Thomas Hartman Plea Transcript (01/24/05)" (Defendants' Documents item #2); Defendants' Pretrial Order Document item No. 3: "Thomas Hartman Certification of Disposition (04/25/05); Defendants' Pretrial Order Document item No. 11: Family Court Order of Protection signed by Judge David Sullivan (08/04/03); Defendants' Pretrial Order Document item No. 12: NCPD Case Report, PDCN 32SJ, 203CR0071891 (09/02/03) (4 Pages); Defendants' Pretrial Order Document item No. 13: NCPD Arrest Report, PDCN 81SJ (09/09/03); Defendants' Pretrial Order Document item No. 14: Kim Hartman Supporting Deposition, 203CR0071891 (09/02/03); Defendants' Pretrial Order Document item No. 15 Kim Hartman Supporting Deposition (09/02/03); Defendants' Pretrial Order Document item No. 16 NCPD Crime Report, PDCN 85SJ, 203CR0071891 (09/02/03) (2 Pages); Defendants' Pretrial Order Document item No. 17

The Second Circuit has notes that the district court recognizes that by allowing a party to plunge into the facts underlying prior acts or convictions "poses a genuine risk of focusing the jury upon the wrong event." *United States v. Schatzle*, 901 F.2d 252, 256 (2d Cir. 1990). This is especially true here where the defendants seek to introduce into evidence thirty seven items of evidence relating to the events of March 11, 2004, while at the same time make a motion in limine to exclude the limited number of documents relating to the events at issue on March 12, 2004.

---

Dist. Ct. Felony Complaint, Criminal Contempt in the First Degree, 203CR0071891, bates stamped as 1698; Defendants' Pretrial Order Document item No. 18 Domestic Incident Report (09/02/03); Defendants' Pretrial Order Document item No. 19 NCPD Search of Premises - Consent - Signed by Kim Hartman; Defendants' Pretrial Order Document item No. 20: Kim Hartman Supporting Deposition, PDCN 32B (03/11/04), bates stamped as 1733; Defendants' Pretrial Order Document item No. 21: Kim Hartman Supporting Deposition, PDCN 32B (03/12/04), bates stamped as 1734; Defendants' Pretrial Order Document item No. 22: Domestic Incident Report (03/11/04), bates stamped as 1735; Defendants' Pretrial Order Document item No. 23: NCPD Teletypewriter Alarm Sheet, PDCN 72 (03/12/04), bates stamped as 1742; Defendants' Pretrial Order Document item No. 24: NCPD Case Report, PDCN 32SJ, 204CR0019484 (03/11/04), bates stamped as 1-5; Defendants' Pretrial Order Document item No. 25: NCPD Crime Report, PDCN 85ASJ, 204CR0019484 (03/11/04), bates stamped as 6-8; Defendants' Pretrial Order Document item No. 26: NCPD Case Report, PDCN 32SJ, 204CR0019489 (03/11/04), bates stamped as 1691-1693; Defendants' Pretrial Order Document item No. 27: NCPD Case Report, PDCN 32SJ, 204CR0019489 (03/11/04), bates stamped as 1724-1725; Defendants' Pretrial Order Document item No. 28: NCPD Case Report, PDCN 32SJ, 204CR0019489 (03/11/04), bates stamped as 1726-1727; Defendants' Pretrial Order Document item No. 29: NCPD Case Report, PDCN 32SJ, 204CR0019743 (03/11/04), bates stamped as 1681-1683; Defendants' Pretrial Order Document item No. 30: NCPD Case Report, PDCN 32SJ, 204CR0019743 (03/11/04), bates stamped as 1730-1732; Defendants' Pretrial Order Document item No. 31: NCPD Case Report, PDCN 32SJ, 204CR0019743 (03/11/04), bates stamped as 9-11; Defendants' Pretrial Order Document item No. 32: NCPD Crime Report, PDCN 85SJ, 204CR0019743 (03/11/04), bates stamped as 12-14; Defendants' Pretrial Order Document item No. 33: NCPD Case Report, PDCN 32SJ, 204CR0019746 (03/11/04), bates stamped as 1684-1687; Defendants' Pretrial Order Document item No. 34: NCPD Crime Report, PDCN 85SJ, 204CR0019746 (03/11/04), bates stamped as 15-17; Defendants' Pretrial Order Document item No. 35: Cassette Tape of 911 Call of Kim Hartman (03/11/04) (with transcript); Defendants' Pretrial Order Document item No. 36: Cassette Tape of messages left by Plaintiff on Kim Hartman's Cell Phone (with transcript); Defendants' Pretrial Order Document item No. 37: Voicemail (03/11/04), bates stamped as 2295 (with transcript); Defendants' Pretrial Order Document item No. 38: Cassette Tape of Messages left by Plaintiff on Kim Hartman's home answering machine (03/11/04), bates stamped as 2296 (with transcript); Defendants' Pretrial Order Document item No. 39: NCPD BSO - Caper Section Receipt (03/11/04); Defendants' Pretrial Order Document item No. 45: Dist. Ct. Information, Aggravated Harassment in the Second Degree, 204CR0019489 (03/12/04), bates stamped as 1711; Defendants' Pretrial Order Document item No. 46: Dist. Ct. Information, Aggravated Harassment in the Second Degree, 204CR0019489 (03/12/04), bates stamped as 1708; Defendants' Pretrial Order Document item No. 47: Dist. Ct. Information, Aggravated Harassment in the Second Degree, 204CR0019484 (03/12/04), bates stamped as 1707; Defendants' Pretrial Order Document item No. 48: Dist. Ct. Information, Resisting Arrest, 204CR0019746 (03/13/04), bates stamped as 1706; and Defendants' Pretrial Order Document item No. 49: Dist. Ct. Information, Menacing in the Third Degree, 204CR0019743 (03/13/04), bates stamped as 1709.

## **CONCLUSION**

The plaintiff Thomas Hartmann respectfully request that the Court grant his motion to exclude evidence of the facts underlying the events of March 11, 2004, including the related conviction arising out of those actions.

Dated:  New York, New York
January 25, 2010

                                         Respectfully submitted,

                                         _____

                                         Daniel J. Hansen, Esq. (DJH:0211)
                                         *Attorney for Plaintiffs*
                                         233 Broadway, Fifth Floor
                                         New York, New York 10279
                                         (212) 697-3701