# GARRETT W. SWENSON, JR.
ATTORNEY AT LAW
76 BAY ROAD
BROOKHAVEN, NEW YORK 11719

_____

TEL. (516) 380–2808
FAX (631) 536-2229

GARRETT.SWENSON@YAHOO.COM

January 29, 2010

**Via ECF and Fax: (718) 613-2365**

Hon. Cheryl L. Pollak, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Hartman v. P.O. Snelders and P.O. Knatz,*
           04-CV-1784 (CLP)

Dear Magistrate Judge Pollak:

      We represent the defendants in the above-referenced action, and write in response to plaintiff's counsel's letter of even date (Docket No. 143) attempting to discontinue plaintiff's claims against Police Officer Knatz at the eleventh hour, in violation of the procedure set forth in Fed. R. Civ. P. 41, which requires either a stipulation of dismissal signed by all parties that have appeared, or a court order.

      We have been preparing this case for trial in anticipation that we would be defending two parties, both of whom located, pursued and apprehended the plaintiff as partners in the same police vehicle, under the assumption that both defendants would be available and present in the courtroom during trial to assist and provide input in processing the evidence and testimony at trial. Our trial preparation and presentation is adversely affected by this late tactic since we would be deprived of Officer Knatz's assistance during trial. It is respectfully submitted that not one new fact concerning Officer Knatz's involvement has been uncovered in approximately the last five years, and plaintiff's unilateral and dilatory attempt to "dismiss" Officer Knatz from the case on the eve of trial smacks of tactical gamesmanship.

      As a result, we offer the following compromise to plaintiff's purported dismissal of Officer Knatz from the case, which will prevent the significant prejudice that would accrue to the defense in depriving them of Officer Knatz's input and assistance throughout the trial: we will stipulate to Officer Knatz's dismissal from the case, to be effective at the close of deliberations. Until then, he may remain at counsel table with the status of a party. Otherwise, plaintiff will

Hon. Cheryl L. Pollak, U.S.M.J.
January 29, 2010
*Hartman v. P.O. Snelders and P.O. Knatz,*
04-CV-1784 (ILG) (CLP)
Page 2


have achieved its goal of needlessly throwing our preparation of this case into disarray so close to commencement of this trial.

Finally, we respectfully reserve the right, pursuant to 28 U.S.C. § 1927 to seek the excess costs, expenses and attorneys' fees reasonably incurred due to plaintiff's counsel unreasonable and vexatious failure to dismiss all claims against Officer Knatz in a timely fashion.  As noted above, no new material facts concerning Officer Knatz's conduct, especially the fact that he was not in the car when the plaintiff was hit, have been uncovered in approximately the last five years.  For plaintiff to wait until the eve of trial to attempt to dismiss Officer Knatz as a defendant at significant expense to the defendants simply should not be countenanced.

The undersigned is available at the Court's convenience for a conference call with respect to this issue.  We appreciate the Court's consideration.

                                                                              Respectfully,

                                                                         /s/ Garrett W. Swenson, Jr.

                                                                        Garrett W. Swenson, Jr. (GS-2625)

cc:     Daniel J. Hansen, Esq. (via ECF)